## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT H. STEELE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00098 PLC |
| | ) | |
| JEFF FALKENRATH, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion for appointment of counsel. There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his

claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).  As no Case Management Order has yet been entered and no briefing has occurred, the Court will deny Petitioner's motion for appointment of counsel at this time.  Petitioner has demonstrated up to this point that he can adequately present his claims to the Court.  Additionally, neither the factual nor legal issues in this action appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

                                                    */s/ Patricia L. Cohen*
                                                    PATRICIA L. COHEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of October, 2024