# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT H. STEELE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-00098-PLC |
| ) | |
| JEFF FALKENRATH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Robert H. Steele, proceeding pro se, has filed a motion to reopen this action. (ECF No. 9). The Court will deny the motion for the reasons below.

### Background

In its October 18, 2024 Order, the Court informed petitioner that his original petition was deficient under Local Rule 2.06(A) because it was not filed on the Court-approved form. (ECF No. 5). The Court granted petitioner 30 days to file an amended petition on the appropriate form. *Id.* Petitioner instead filed a notice of dismissal (ECF No. 7), and the Court dismissed the action on November 4, 2024. (ECF No. 8).

Petitioner now seeks to reopen this matter. (ECF No. 9). He states that he prematurely filed his notice of dismissal because he feared he would not be able to file an amended petition within the allotted time. *Id.*

### Discussion

While petitioner does not specifically cite a legal rule or standard for his request, he appears to argue that he filed his notice of dismissal inadvertently. Federal Rule of Civil Procedure 60(b)(1) allows a court to reopen a case because of "mistake, inadvertence, surprise, or excusable neglect."

However, Rule 60(b) is designed to provide relief in extraordinary circumstances, and it requires a strong showing that such circumstances exist. *See U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Here, petitioner has not explained why he was unable to file his amended petition within the 30 days provided by the Court.

Additionally, the petition appears to be untimely. Petitioner challenges his April 12, 2010, criminal judgment in *State v. Steele*, No. 09G9-CR02259-01 (24th Jud. Cir. 2010). Congress has established a one-year statute of limitations for habeas relief. *See* 28 U.S.C. § 2244(d). This limitation period runs from the latest of: (1) the date on which the judgment became final; (2) the date on which any state-created impediment to filing is removed; (3) the date on which the asserted constitutional right was initially recognized by the Supreme Court, if newly recognized and made retroactive; or (4) the date on which the facts supporting the claim could have been discovered through due diligence. *Id*.

More than 14 years have passed since petitioner's state court judgment, and he has not explained why the one-year limitation period in § 2244(d) should not apply in this case. While he attempts to circumvent this limitation by asserting claims under state law and 42 U.S.C. § 1983, the Supreme Court has held that when a state prisoner challenges the fact or duration of his imprisonment and seeks immediate or speedier release, his only federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**Conclusion**

For these reasons, the Court will deny petitioner's motion to reopen. Nothing in this order prevents petitioner from filing a separate civil rights action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to reopen (ECF No. 9) is **DENIED**.

Dated this 25th day of November 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE